**Lui KIN–HONG, a/k/a Jerry Lui, Petitioner,**

v.

**The UNITED STATES of America, Respondent.**

**Civ. A. No. 96–10849–JLT.**

United States District Court,
D. Massachusetts.

May 6, 1996.

Andrew Good, Silverglate & Good, Boston, MA, Harvey A. Silverglate, Silverglate & Good, Boston, MA, for plaintiff.

Alex Whiting, U.S. Attorney's Office, Boston, MA, Susan C. Hanson–Philbrick, United States Attorney's Office, Boston, MA, for defendant.

### ORDER

TAURO, Chief Judge.

At issue is Petitioner Jerry Lui's *Motion for Leave to Amend his Petition for a Writ of Habeas Corpus and To Dismiss So Much Of His Petition As Seeks Release On Conditions.* Essentially, Lui now asks this court to vacate its April 25, 1996 Order that granted his release on conditions. The First Circuit stayed this court's order and scheduled an expedited appeal, with briefs due on May 8, 1996, and oral argument scheduled for May 10, 1996.

In seeking that this court vacate its bail order, Lui is apparently concerned that the First Circuit will precipitously reach the merits of the reversion issue. Lui contends that the "[a]djudication of the reversion issue in the context of an expedited bail appeal in the Court of Appeals would be premature and unripe, without the petitioner having had a full opportunity to present and develop the

518

necessary full factual and legal record in this Court."

For the following reasons, this court denies Lui's motion without prejudice. In finding that "special circumstances" existed to support Lui's release on bail, this court did not reach the merits of whether Lui could be extradited, given the likelihood that he would be tried and/or punished by the People's Republic of China after reversion. Rather, this court found that the complexity of that issue would substantially delay the final resolution of the extradition proceedings, and that such delay may extend even beyond the date of reversion. This court found the predictability of such delay and its attendant consequences to be "special circumstances," contributing to the justification for Lui's release.

As this court did not reach the merits of the reversion issue, there is no reason to believe that the First Circuit would do so until Magistrate Judge Karol has the opportunity to decide the extradition case on the merits, and this court has an opportunity to review that decision.

Accordingly, Lui's motion for leave to amend his petition is DENIED without prejudice.

IT IS SO ORDERED.